# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

MCKESSON CORPORATION,
a Delaware corporation,

       Plaintiff,

vs.

CASE NO. 2:25-cv-14413

MARK J. PAMER, D.O., LLC, a
Florida limited liability company, and
MARK J. PAMER, individually,

       Defendants.
_____/

## COMPLAINT

Plaintiff, McKesson Corporation, a Delaware corporation ("McKesson" or the "Plaintiff"), by its undersigned attorneys, brings this complaint against Defendants, Mark J. Pamer, D.O., LLC, a Florida limited liability company (the "Practice"), and Mark J. Pamer, individually, and states, as follows:

### JURISDICTION AND VENUE

1. This is an action in diversity for damages that exceed $75,000, exclusive of finance charges, costs and attorneys' fees and costs.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and the dispute is between citizens of different states.

141857980.1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in the U.S. District Court for the Southern District of Florida, Fort Pierce Division, because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Southern District, and one or more of the defendants resides in and is subject to personal jurisdiction before this Court.

## PARTIES

4. McKesson Corporation is a Delaware corporation with its principal place of business in the State of Texas.

5. Defendant Mark J. Pamer, D.O., LLC is a Florida limited liability company. On information and belief, its sole member is Mark J. Pamer who is a citizen of the State of Florida for diversity purposes.

6. Defendant Mark J. Pamer, D.O. is a natural person domiciled in St. Lucie County, Florida and is, and was at all times material hereto, *sui juris*.

## BACKGROUND FACTS

7. Defendant Practice is located in St. Lucie County, Florida and operates its business there.

8. On or about April 4, 2016, Practice executed and delivered a Customer Application to McKesson whereby Practice requested that McKesson establish accounts for Practice's various locations and whereby Practice agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any amounts owed by Practice to McKesson

(the "Customer Application"). A copy of the Customer Application is annexed hereto as **Exhibit A**.

9. Pursuant to the Customer Application, Practice established an account with McKesson to purchase products from McKesson for its various locations.

10. In conjunction with the establishment of the business arrangement between Practice and McKesson, on or about May 3, 2016, Mark J. Pamer executed and delivered to McKesson a Guaranty through which Mark J. Pamer guaranteed the unconditional repayment of the obligations to McKesson and its affiliated entities (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit A.**

11. From the opening of Practice's accounts with McKesson until approximately July 3, 2025, Practice purchased certain goods from McKesson on its account.

12. Upon the shipment of goods purchased by Practice, McKesson rendered to Practice invoices setting forth the details of the purchase together with the total sum owed to McKesson for the purchase, which amounts continue to accrue charges by virtue of their past due status. The invoices are voluminous and contain confidential information. McKesson believes the invoices and other evidence of the purchase of products by Practice are either in the possession of the defendants to this lawsuit or available to the defendants. If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

13. Practice defaulted under the terms of the Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Practice's contractual obligation to McKesson.

14. On September 30, 2025, McKesson demanded payment from Practice for payment of amounts due to McKesson. A true and correct copy of the demand letter is annexed hereto as **Exhibit B.**

15. Although demand has been made upon Practice for payment of amounts due to McKesson, Practice has failed and refused to pay the same.

16. As a result of Practice's default upon the terms of its account agreements with McKesson, as of November 6, 2025, Practice owes McKesson $1,643,818.10, together with finance charges, attorneys' fees and other costs and expenses incurred in this action.

## Count I
**(Breach of Agreement-Practice)**

17. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

18. The allegations set forth in paragraphs 1 through 16 are realleged as if fully set forth in this Count.

19. Because of Practice's default on its obligations arising from the Customer Application, it has become necessary for McKesson to collect the balance due arising from the Customer Application through its undersigned attorneys.

20. McKesson has retained the services of the undersigned attorneys and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

21. Pursuant to the terms of the Customer Application, McKesson is entitled to be reimbursed by Practice for such attorneys' fees for their services plus all costs incurred in this action.

22. All conditions precedent to relief demanded herein have been performed, waived, or have occurred.

WHEREFORE, McKesson Corporation, a Delaware corporation, demands judgment against Mark J. Pamer, D.O., LLC, a Florida limited liability company, in the sum of $1,643,818.10, plus finance charges, late charges, and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count II
### (Open Account - Practice)

23. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

24. The allegations set forth in paragraphs 1 through 16 are realleged as if fully set forth in this Count.

25. Before the institution of this action, McKesson and Practice had business transactions between them through approximately July 3, 2025.

26. Practice owes McKesson the sum of $1,643,818.10 for goods sold and delivered by McKesson to Practice pursuant to the invoices, which total sum remains unpaid, plus finance charges. The invoices are voluminous and contain confidential information. McKesson believes the invoices and other evidence of the purchase of products by Practice are either in the possession of the defendants to this lawsuit or available to the defendants. If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

27. All conditions precedent to the relief demanded herein have been performed, waived, or have occurred.

WHEREFORE, McKesson Corporation, a Delaware corporation, demands judgment against Mark J. Pamer, D.O., LLC, a Florida limited liability company, in the sum of $1,643,818.10, plus finance charges and costs, including court fees, service of process fees and other related costs.

### Count III
**(Goods Sold - Practice)**

28. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

29. The allegations set forth in paragraphs 1 through 16 are realleged as if fully set forth in this Count.

30. Before the institution of this action, McKesson and Practice had business transactions between them arising through approximately July 3, 2025.

31. Practice owes McKesson the sum of $1,643,818.10, plus finance charges that continue to accrue on its various purchases of goods from McKesson, which McKesson sold and delivered to Practice in accordance with the invoices and account statements.

32. All conditions precedent to the relief demanded herein have been performed, waived, or have occurred.

WHEREFORE, McKesson Corporation, a Delaware corporation, demands judgment against Mark J. Pamer, D.O., LLC, a Florida limited liability company, in the sum of $1,643,818.10, plus finance charges and costs, including court fees, service of process fees and other related costs.

## Count IV
### (Breach of Guaranty – Mark J. Pamer)

33. This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs, and attorneys' fees.

34. The allegations set forth in paragraphs 1 through 16 are realleged as if fully set forth in this Count.

35. In conjunction with the execution of the Customer Application, on or about May 3, 2016, Mark J. Pamer executed that portion of the Customer Application that constituted an unconditional, continuing guaranty of Practice's obligation to McKesson (the "Guaranty"). A copy of the Guaranty is incorporated in the Customer Application that is annexed hereto as **Exhibit A.**

36. Pursuant to the terms of the Guaranty, Mark J. Pamer unconditionally guaranteed timely payment and performance of Practice's obligations to McKesson.

37. Mark J. Pamer has not revoked the Guaranty.

38. By virtue of his execution of the Guaranty, Mark J. Pamer became liable for the obligations of Practice to McKesson.

39. Practice defaulted under the terms of the Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Practice's contractual obligation to McKesson.

40. Because of the default of Practice, on September 30, 2025, McKesson demanded payment from Mark J. Pamer of such amounts arising from his guaranty of the obligation of Practice. A true and correct copy of the demand letter is annexed hereto as **Exhibit B.**

41. Although demand has been made, Mark J. Pamer has failed and refused to pay the amounts due to McKesson pursuant to the Customer Application, as a guarantor of Practice's obligation.

42. Because of Practice's and Mark J. Pamer's default on their obligations arising from the Customer Application and the Guaranty, it has become necessary for McKesson to collect the balance due arising from the Customer Application and Guaranty through its undersigned attorneys.

43. McKesson has retained the services of attorneys and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

44. Pursuant to the terms of the Customer Application and incorporated Guaranty, McKesson is entitled to be reimbursed by Mark J. Pamer for such attorneys' fees for their services plus all costs incurred in this action.

45. All conditions precedent to relief demanded herein have been performed, waived, or have occurred.

WHEREFORE, McKesson Corporation, a Delaware corporation, demands judgment against Mark J. Pamer in the sum of $1,643,818.10, plus finance charges and costs, including court fees, service of process fees and reasonable attorneys' fees and costs.

Dated: November 18, 2025

Respectfully submitted,

*/s/ Kathleen S. McLeroy*
Kathleen S. McLeroy
Florida Bar No. 856819
kmcleroy@carltonfields.com
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
Telephone:  813.223.7000
Facsimile:  813.229.4133
*Attorneys for Plaintiff*